**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DESTINATION MATERNITY CORPORATION, *et al.*,[1] | ) | Case No. 19-12256 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Re: Docket Nos. 341, 356, 362 & 364** |

**ORDER (I) APPROVING THE DEBTORS' SELECTION OF A STALKING HORSE BIDDER, (II) APPROVING BID PROTECTIONS IN CONNECTION THEREWITH, (III) AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order") (a) approving Marquee Brands, LLC as the stalking horse bidder (the "Stalking Horse Bidder") for the sale of the Acquired Assets and (b) approving Bid Protections in connection therewith, and (c) granting related relief; and this Court having entered an order on November 14, 2019 at [Docket No. 253] (the "Bid Procedures Order") approving, among other things, the proposed form of notice of the Sale Hearing; and the Debtors having determined, after extensive negotiations, that in their business judgment Marquee Brands, LLC is the best candidate to be the Stalking Horse Bidder with respect to the Acquired Assets; and upon adequate and sufficient notice of the Motion, the Stalking Horse APA, and all other related transactions contemplated thereunder and in this Order; and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and the Court having reviewed and considered the Motion and all relief related thereto including the Stalking Horse Declaration and any objections

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Destination Maternity Corporation (5573); DM Urban Renewal, LLC (N/A); and Mothers Work Canada, Inc. (4780). The location of the Debtors' principal place of business is 232 Strawbridge Drive, Moorestown, New Jersey 08057.

2 Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion, as applicable.

thereto; and upon the full record in support of the relief requested by the Debtors in the Motion; and this Court having jurisdiction over this matter; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper; and it further appearing that the legal and factual bases set forth in the Motion and at the hearing (if any) establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and upon the full record of these chapter 11 cases and all other pleadings and proceedings, including the Motion and the Stalking Horse Declaration; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**FOUND, CONCLUDED AND DETERMINED THAT:**[3]

A. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363 and 503. Such relief is also warranted pursuant to Bankruptcy Rules 6004 and 9014.

B. The relief granted herein is in the best interests of the Debtors, their estates and other parties in interest.

C. The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Stalking Horse Bidder as the highest and otherwise best offer currently available for the Acquired Assets and the Designated Assets (each as defined in the Stalking Horse APA)

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

and (ii) approve the payment of the Breakup Fee and Expense Reimbursement (collectively, the "Bid Protections") to the Stalking Horse Bidder in accordance with the Stalking Horse APA.

D. The Debtors have demonstrated the Bid Protections are actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates by inducing the Stalking Horse Bidder's Bid, which has established a bid standard or minimum for other bidders for the Acquired Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best Bid possible for the Acquired Assets. The Debtors have also demonstrated that the Stalking Horse Bidder required Bid Protections set forth in the Motion as a condition to agreeing to be the Stalking Horse Bidder, such Bid Protections are reasonable, and such Bid Protections are of substantial benefit to the Debtors' estates by inducing the Stalking Horse Bidder's Bid.

E. Due, sufficient, and adequate notice of the hearing on the Motion and the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

F. The Bid Protections (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) are of substantial benefit to the Debtors' estates; (iii) are reasonable and appropriate, including in light of the size and nature of the Transaction and the efforts expended by the Stalking Horse Bidder and (iv) enable the Debtors to promote a sale of the Acquired Assets with the greatest benefit to the estate.

G. The Bid Protections were negotiated by the Debtors and the Stalking Horse Bidder in good faith and at arms-length.

{1258.002-W0059012.}

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein, and as modified on the record.

2. Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the hearing on the Motion, are hereby overruled.

3. Notwithstanding any procedure set forth in the Bid Procedures Order, Marquee Brands, LLC (the "Marquee") shall be the Stalking Horse Bidder for the Acquired Assets.

4. Notwithstanding anything in the Bidding Procedures Order to the contrary, pursuant to Bankruptcy Code sections 105, 363 and 503, the Bid Protections are hereby approved and the Debtors are hereby authorized to pay the Bid Protections to the Stalking Horse Bidder pursuant to the terms of the Stalking Horse APA. The obligation to pay the Bid Protections to the Stalking Horse Bidder shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. The Debtors' obligation to pay the Bid Protections, including the the Expense Reimbursement, shall survive termination of the Stalking Horse APA. Unless the Stalking Horse APA is terminated and subject to approval of the Court, none of the Debtors, the Committee, Wells Fargo Bank, N.A., Pathlight Capital LLC, nor any other party shall agree to pay any Qualified Bidder of an Alternate Transaction (as defined in the Stalking Horse APA) with respect to the Acquired Assets any break-up fee, topping fee, bidding fee, or other consideration in exchange for bidding. Moreover, no Qualified Bidder of an Alternate Transaction (as defined in the Stalking Horse APA) with respect to the Acquired Assets shall be granted, entitled to payment of, or receive, any break-up fee, topping fee, bidding fee, or other consideration in exchange for bidding.

5. Notwithstanding anything to the contrary in the Bidding Procedures Order: (i) the Stalking Horse Bidder's bid as set forth in the Stalking Horse APA is a Qualified Bid and (ii) if

the Debtors furnish to any bidder any material information related to the Debtors not theretofore given to the Stalking Horse Bidder, then the Debtors shall promptly notify the Stalking Horse Bidder of such information and shall make it available for the Stalking Horse Bidder.

6. The Debtors are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established by this Order.

7. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 3, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

{1258.002-W0059012.}